IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAGOBERTO GARCIA,

      Movant,

  v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

No. C 11-3647 CW
   CR 07-0806 CW

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

## INTRODUCTION

Movant, currently incarcerated at the Federal Detention Center in Dublin, California, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that he was denied effective assistance of counsel in violation of the Sixth Amendment, that his criminal history was miscalculated in the pre-sentence report and that he was charged with the wrong crime. Respondent opposes the motion. Movant filed no reply. Having considered all of the papers filed by the parties, the Court DENIES the motion.

## BACKGROUND

The following facts are taken from the documents and transcripts in United States v. Dagoberto Garcia, CR 07-00806 CW. On April 30, 2008, pursuant to a plea agreement, Movant plead guilty to a violation of 18 U.S.C. § 111(a)(1), forcible assault on a federal employee while he or she was engaged in official duties, causing reasonable apprehension of immediate serious bodily harm or death. In the plea agreement, Movant agreed "not to file any collateral attack on my conviction or sentence,

1  including a petition under 28 United States Code § 2255 or 28
2  United States Code § 2241, or motion under 18 United States Code §
3  3582, at any time in the future after I am sentenced, except for a
4  claim that my constitutional right to the effective assistance of
5  counsel was violated."  On July 8, 2008, Movant was sentenced to a
6  term of forty-one months, with three years of supervised release
7  to follow.
8      After serving over half of his sentence, Movant was
9  transferred to a residential re-entry center in Oakland,
10 California.  On September 9, 2010, his drug test was positive and,
11 after the Marshal was asked to retrieve him, it was discovered
12 that he had absconded from the facility.  He was arrested on
13 December 12, 2010 and was charged in criminal case number CR-11-
14 0062 SBA with knowing and voluntarily escaping from custody in
15 violation of 18 U.S.C. § 751(a).
16     Movant has filed four motions, which challenge both his
17 sentence in the original criminal case, CR-07-00806 CW, and that
18 in CR-11-0062 SBA.  This Court rules only on the challenge to the
19 sentence imposed in CR-07-00806 CW.
20     On July 18, 2011, in case numbers CR-07-00806 CW and CR-11-
21 0062 SBA, Movant filed a motion entitled "petition for writ of
22 habeas corpus" that alleges constitutional violations.  In this
23 motion, he argues that his Sixth Amendment rights were violated
24 because his attorney allowed him to be classified in criminal
25 history category three based on juvenile adjudications.  In an
26 Order issued August 1, 2011, the Court construed this document as
27 a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct
28 the sentence.

2

On August 8, 2011, in case number CR-07-00806 CW, Movant filed a "motion to correct violation of the constitution or laws of the United States." In this motion he appears to allege the following: 1) his criminal history was incorrectly calculated as category three, 2) as a result of this incorrect calculation his sentence was excessive, 3) he was improperly charged with aggravated assault and 4) his attorney's performance was objectively unreasonable and as a result, Movant is serving an excessive sentence.

On August 15, 2011, in case numbers CR 07-00806 CW and CR-11-0062 SBA, Movant filed a motion entitled "motion seeking and requesting an order replacing counsel or, in the alternative, order granting Defendant Garcia permission to address prejudicial disparity and prejudicial misclassification." In this motion, Movant repeats the argument that he was wrongly classified in criminal history category three due to past juvenile offenses and that he was wrongly charged with aggravated assault instead of obstructing or impeding a federal employee.

On September 6, 2011, in case number CR-07-00806 CW, Movant filed a motion entitled "Motion to Prove Counsel Was Ineffective In Violation of the Sixth Amendment." This motion alleges that "counsel was incompetent according to the outcome of Movant's charge."

Respondent's opposition only addresses the motion filed on July 18, 2011. In its opposition, Respondent argues 1) the plea agreement contained a valid and enforceable waiver of collateral attack; 2) the binding plea agreement did not depend on the criminal history calculation and 3) Movant's claim of incorrect

3

criminal history calculation is without merit.  Respondent does not address Movant's claim that he was charged with the wrong crime.

The Court will consider all four motions to the extent they challenge the sentence in CR-07-00806 CW.

## LEGAL STANDARD

A prisoner in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence, must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).

Section 2255 was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court.  United States v. Addonizio, 442 U.S. 178, 185 (1979).  Under 28 U.S.C. § 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

## DISCUSSION

I.   The Waiver

In criminal cases, the Ninth Circuit enforces waivers of appellate rights and of the right to challenge a sentence collaterally, where such waivers are provisions of a negotiated plea agreement.  United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).  The right to bring a collateral attack is statutory

4

and a knowing and voluntary waiver of a statutory right is enforceable. Id.

Movant does not allege that he did not understand the plea or the waiver. The transcript shows that the Court discussed the plea with Movant in some detail before accepting it. He specifically declared that he read the plea agreement including the waiver, understood it, discussed it with his lawyer and did not require an interpreter. Although Movant apparently now disagrees with the calculations assented to in the plea agreement and the crime to which he plead guilty, nowhere does he argue that the plea agreement was entered into unknowingly or involuntarily. Therefore, the waiver is valid, and Movant is barred from challenging his conviction and sentence on any ground other than ineffective assistance of counsel.

II. Ineffective Assistance of Counsel

Although Respondent contends that Movant makes no claim of ineffective assistance of counsel, in fact he does. In several places he argues deficient performance by counsel, and specifically invokes the Sixth Amendment in two of the motions. The Ninth Circuit has held that the right to argue ineffective assistance of counsel at sentencing is waived along with the right to appeal the sentence, unless a movant can show that the waiver itself was not voluntarily and knowingly made. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000). However, unlike that in Nunez, the waiver in this case expressly reserved the right to file a collateral attack against the sentence on the grounds of ineffective assistance of counsel.

However, although Movant makes conclusory statements that he

5

1 was prejudiced by his lawyer's unprofessional behavior, he fails
2 to cite any facts, even liberally construed, that show that his
3 lawyer's actions were objectively unreasonable.  See Strickland v.
4 Washington, 466 U.S. 668, 688 (1984).  Nor does he make any claims
5 that support the contention that the result of the proceeding
6 would have been different but for counsel's unprofessional errors.
7 See id. at 694.  He complains that his attorney allowed him to be
8 classified as criminal history three, but he does not show that
9 this criminal history category was incorrect or that it affected
10 his sentence.  As discussed below, it did not.

   III. Criminal History and Presentence Report

12     Movant claims that he is serving excessive time because his
13 criminal history was miscalculated in the presentence report.
14 However, in his plea agreement, he agreed to the length of the
15 sentence that was imposed.  The government agreed to dismiss other
16 charges in the indictment.

17     Plea agreements, despite being matters of criminal law, are
18 "contractual by nature and are measured by contract law
19 standards."  In re Ellis, 356 F.3d 1198, 1207 (9th Cir. 2004)
20 (quoting United States v. Franco-Lopez, 312 F.3d 984, 989 (9th
21 Cir. 2002)).  As previously noted, Movant has offered no facts or
22 allegations to suggest that the plea agreement was entered into
23 involuntarily or unknowingly.

24     IV. Charged with Wrong Crime

25     Movant makes conclusory statements that his attorney informed
26 him that he would "remove the brandishing of a firearm and robbery
27 attempt" so that Movant would only be charged with obstructing or
28 impeding a federal employee rather than forcible assault on a

6

federal employee.  However, page one of the plea agreement clearly states that Movant was pleading guilty to the crime of forcible assault and lists the elements of the crime and the facts giving rise to this charge.  Furthermore, at Movant's April 30, 2008 change of plea hearing, the Court asked the Assistant United States Attorney (AUSA) to recite the elements of the charged offense, which he did.  Transcript of April 30, 2008 Change of Plea Hearing (TR) at 8.  The Court then asked Movant if he understood the elements of the offense the government would have to prove in order to convict him.  TR at 9.  Movant replied, "Yes."  Id.  The Court next asked the AUSA to provide the factual basis of the plea, which he did.  Id. at 9-10.  The Court then asked Movant if the facts were true.  Id. at 11.  Movant responded, "Yes."  Id.

On this record, it cannot be argued that Movant was unaware of the crime to which he plead guilty or the facts on which his plea was based.  Therefore, any claim that he was unaware of the charged crime or that his attorney misinformed him of the charged crime is denied.

## CONCLUSION

For the foregoing reasons the § 2255 motion C 11-3647 CW, addressing the conviction in CR 07-0806 CW, is DENIED.

IT IS SO ORDERED.

Dated: 12/27/2011

CLAUDIA WILKEN
United States District Judge

7