United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAGOBERTO G. GARCIA,

Defendant.

Case No.: CR 07-00806-1 CW (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

## I. BACKGROUND

On July 9, 2008, Dagoberto G. Garcia was sentenced to 8 years in custody and 3 years of supervised release for forcible assault on a federal employee in the performance of official duties in violation of 18 U.S.C. § 111(a)(1), a Class C felony. On November 2, 2011, in a separate criminal matter, Defendant was sentenced to 8 months of custody and 3 years of supervised release for escaping from custody in violation of 18 U.S.C. § 751(a) and 4082, a Class D felony. Defendant has been on supervised release since February 3, 2012. On December 19, 2013, Defendant's probation officer filed a petition alleging that Defendant had twice violated a condition of his supervised release, namely, the condition that Defendant shall not commit another federal, state or local crime.

Specifically, in the petition, the probation officer alleged that on October 14, 2013, Alameda County Sheriff's officers were dispatched to Defendant's aunt's residence. The aunt told officers that she believed Defendant had overdosed on drugs. Officers found the defendant leaning on the apartment complex with his mouth gaping open, twisting his body back and forth, and not responding to officers' questions. Defendant resisted an officer and attempted to run from the officer, but was taken to the ground and arrested. He was placed on a psychiatric hold and

transported to John George Psychiatric Pavilion in San Leandro. He has pending charges for a violation of Penal Code section 148(a)(1), obstruction of justice, a misdemeanor.

The petition further alleges that on November 27, 2013, Defendant entered the dual-diagnosis residential treatment program at Bonita House in Berkeley. On December 13, 2013, Defendant was instructed to stop watching pornography on the communal computer. When he met staff in the conference room, he exhibited confusion and would not follow staff directives. He refused to leave the staff office and "presented as psychotic and paranoid." Defendant began "physically posturing" with staff in an aggressive manner. He eventually left the conference room, went upstairs and grabbed a knife off of a shelf in the staff office and verbally threatened a staff member. He then fled from the facility and was subsequently arrested by Berkeley police for a violation of California Penal Code section 417(a)(1), exhibiting a deadly weapon, a misdemeanor and section 148(a)(1), resist/delay of a peace officer, a misdemeanor. He was again placed under a psychiatric hold and taken to John George Psychiatric Pavilion on December 13, 2013.

Defendant has 5 prior Forms 12, several of which resulted in revocation of his supervised release relating to his failure to participate in mental health treatment and testing and mental health treatment as well as continued use of controlled substances and failure to report to a halfway house and/or absconding from the halfway house.

On December 19, 2013 the probation officer filed the instant petition, the district judge found probable cause to believe that Defendant violated the conditions of his supervised release, and a warrant was issued for his arrest. Defendant was arrested, and on February 6, 2014, the court held a hearing on the Government's motion to detain Defendant pending his supervised release violation hearing. Defendant was present, in custody, and represented by CJA panel attorney Shaffy Moeel. Assistant United States Attorney Garth Hire appeared on behalf of the Government. Probation Officer Nicole Fairchild was also present. For the reasons stated below, the court orders that Defendant be detained.

//

//

//

DETENTION ORDER
CR 07-00806-1 CW (KAW)                2

## II.  LEGAL ANALYSIS

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence.  FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143.

Defendant requests that he be released to live with his mother who was not present at the hearing. Defense counsel did not attempt to show that he is not a flight risk or a danger to community at all, let alone by clear and convincing evidence. Instead, Defense counsel argued that it would be better for Defendant if he were released in order to sufficiently prepare for Defendant's revocation hearing before the district court judge. Defense counsel also argued that Defendant needs to determine whether his psychiatric medications are sufficiently meeting his needs. Those arguments are insufficient to meet Defendant's burden.

The Government persuasively argued that detention is appropriate in this case.  The underlying conviction in this matter is for forcible assault on a federal employee in 2008. Then, Defendant was convicted of escaping from custody in 2011. As discussed above, the most recent Form 12 alleges that Defendant committed two new crimes while on supervised release, and Defendant has been placed on psychiatric holds for being a danger to himself or others multiple times. If there is probable cause to believe the defendant committed another state, federal or local crime while on supervised release, there is a presumption that there are no conditions or combination of conditions that the court can impose to mitigate the risk of flight or danger to the community. *See* 18 U.S.C. § 3148.  Based on the proffers from the probation officer in the Form 12 and at the hearing, the weight of the evidence suggests there is probable cause to believe Defendant did, in fact, commit the alleged state crimes while on supervised release. Defendant's argument that it would be more convenient for him to be released pending resolution of this matter is not enough to overcome the presumption. He can meet with his attorney to discuss preparation for the upcoming revocation hearing and any problems he may be having with is medications while in custody.

//

//

DETENTION ORDER
CR 07-00806-1 CW (KAW)                                              3

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the court finds that Defendant has not shown by clear and convincing evidence that he is not a risk of flight or a danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: February 11, 2014

KANDIS A. WESTMORE
United States Magistrate Judge